**Wilbert McINERNEY, Executor of the Estate of Catherine J. Cullen, Deceased, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 19245.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 4, 1965.

Decided Dec. 20, 1965.

Mr. Wilbert McInerney, Washington, D. C., for appellant.

Mr. John R. Hess, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before FAHY, DANAHER and TAMM, Circuit Judges.

PER CURIAM.

On March 26, 1963, the late Catherine J. Cullen executed her will, which, as here pertinent, provided:

"Second: I give, devise and bequeath all of my property, real, personal and mixed, of whatsoever kind

and wheresoever situate, unto The Society of Perpetual Adoration, 2907 Ellicott Terrace, N. W., Washington, D. C."

Four days later the testatrix died.

D.C.CODE § 19–202 (1961) provides:

"No devise or bequest of lands, or goods, or chattels to any minister, public teacher, or preacher of the gospel, as such, or to any religious sect, order, or denomination, or to or for the support, use, or benefit of or in trust for any minister, public teacher, or preacher of the gospel, as such, or any religious sect, order, or denomination, shall be valid unless the same shall be made at least one calendar month before the death of the testator."

When the appellant as executor filed his first and final account, the District of Columbia filed objections, and after hearing, the District Judge concluded that The Society of Perpetual Adoration is a religious order and that the provision of the will above quoted is void.

Appellant has contended, despite the plain and unequivocal language in the Code, that the devise and bequest are merely "presumed" to be invalid, subject to proof of validity by the legatee. He would have us read the statute as saying that if the "devise or bequest" were to be available for use for charitable purposes, the bar of the statute will not apply.

That the devoted ladies, members of the order, lead a dedicated life is beyond question. That they and their associates in a common endeavor perform many charitable works can not be doubted. That the testatrix herself for many years had given of her time and effort in furtherance of the purposes of the Society is obvious from the record. The intended devise and bequest clearly were in aid of her own noble objectives.

But the District Judge has found that the named beneficiary is a semi-cloistered order of nuns of the Roman Catholic Church; that the Society makes "vestments, altar cloths and other lines

for poor parishes of the Roman Catholic Church"; the Society has represented itself for tax purposes to be a "semi-public, religious institution" and has been granted an exemption from payment of District of Columbia sales taxes on that basis; and the Society "has also been granted an exception from payment of real property taxes in recognition of its claim that the property is used and occupied for religious study and training."

We have not been shown that the findings of the District Judge are clearly erroneous. We see no basis upon which to disturb the conclusion of the trier that the provision in paragraph "Second" of the will is void because D.C.CODE § 19–202 (1961) permits of no other result since the devise and bequest had not been made "at least one calendar month before the death" of the testatrix.

Affirmed.